1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ERIC M. SYDNER,                          No.  2:14-cv-1544 JAM DAD PS

12              Plaintiff,

13       v.                                   ORDER DIRECTING CLERK TO SEND
                                              MATERIALS FOR SERVICE, AND
14   JASON SCOTT,                             REQUIRING SERVICE BY UNITED
                                              STATES MARSHAL
15              Defendant.

16

17        Plaintiff is proceeding in this action pro se.  This matter was, therefore, referred to the

18   undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

19   before the court are plaintiff's request for leave to proceed in forma pauperis under 28 U.S.C. §

20   1915 and pro se complaint.  The undersigned finds that plaintiff's in forma pauperis application

21   makes the showing required by the statute.  Accordingly, plaintiff's request to proceed in forma

22   pauperis will be granted.

23        With respect to plaintiff's complaint, the complaint alleges that on January 11, 2014,

24   defendant Jason Scott, an officer with the Vallejo Police Department, approached plaintiff and

25   requested that plaintiff give Scott a sign plaintiff was holding that read "HONK IF YOU LOVE

26   U.S. FREEDOM HONORABLY DISCHARGED U.S. NAVY VET."  (Compl. (Dkt. No. 1) at 2-

27   3.)  Plaintiff stated that defendant Scott had no right to take the sign and that plaintiff was

28   exercising his right to free speech.  Defendant Scott allegedly "slammed" plaintiff on "his car,"

1

1    handcuffed plaintiff, said "I am taking this damn sign and you can't do anything about it," placed

2    the sign in his car, then removed plaintiff's handcuffs and issued plaintiff a citation for blocking

3    the sidewalk.  (Id. at 3.)  Based on these allegations, the complaint asserts a claim for violation of

4    plaintiff's right to "free speech" against defendant Scott, Joseph Kreins as Chief of the Vallejo

5    Police Department and Osby Davis as the Mayor of the City of Vallejo, because Joseph Kreins

6    and Osby Davis had "ultimate responsibility for the training and supervision of" defendant Scott.

7    (Id.)

8          However, supervisory personnel are generally not liable under § 1983 for the actions of

9    their employees under a theory of respondeat superior and, therefore, when a named defendant

10   holds a supervisorial position, the causal link between him and the claimed constitutional

11   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir.1979);

12   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.1978). Vague and conclusory allegations

13   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

14   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  In this regard, the complaint fails to

15   state a claim against either Jospeh Kreins or Osby Davis.

16         With respect to the complaint's allegations concerning defendant Scott, "the First

17   Amendment protects a significant amount of verbal criticism and challenge directed at police

18   officers."  City of Houston v. Hill, 482 U.S. 451, 461 (1987).  In order to establish a claim of

19   retaliation in violation of the First Amendment, a plaintiff must demonstrate: (1) that the official's

20   conduct would chill a person of ordinary firmness from future First Amendment activity, and (2)

21   that the official's desire to chill the speech was a "but-for" cause of the official's unlawful

22   conduct.  Ford v. City of Yakima, 706 F.3d 1188, 1193 (9th Cir. 2013).

23         In light of the allegations found in the complaint, the court finds it appropriate to order

24   service of the complaint on defendant Scott.

25         Accordingly, IT IS HEREBY ORDERED that:

26            1. Plaintiff's June 30, 2014 application to proceed in forma pauperis (Dkt. No. 2)

27   is granted.

28   /////

2

1    2. The Clerk of the Court is directed to issue process and to send plaintiff an

2  instruction sheet for service of process by the United States Marshal, one USM-285 form, a

3  summons form, and an endorsed copy of plaintiff's complaint filed June 30, 2014.   (Dkt. No. 1).

4    3. Within thirty (30) days after this order is served, plaintiff shall submit to the

5  United States Marshal one properly completed USM-285 forms, one properly completed

6  summons forms, and the number of copies of the endorsed complaint and of this order required

7  by the United States Marshal; the required documents shall be submitted directly to the United

8  States Marshal either by personal delivery or by mail to:  United States Marshals Service, 501 I

9  Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030).

10    4. Within ten (10) days after submitting the required materials to the United States

11  Marshals Service, plaintiff shall file with this court a declaration stating the date on which she

12  submitted the required documents to the United States Marshal.  Failure to file the declaration in a

13  timely manner may result in an order imposing appropriate sanctions.

14    5. Within thirty (30) days after receiving the necessary materials from plaintiff,

15  the United States Marshal is directed to serve process on defendant Jason Scott without

16  prepayment of costs.

17    6. The Clerk of the Court is directed to serve a copy of this order on the United

18  States Marshal.

19  Dated:  October 24, 2014

20

21  _____
    DALE A. DROZD

22  UNITED STATES MAGISTRATE JUDGE

23

24  DAD:6
    Ddad1\orders.pro se\sydner1544.ifp. serve.ord.docx

25

26

27

28

3